FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:12 am, Dec 21, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEFFREY EDWARD MOSS,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-20

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Augusta State Medical Prison in Grovetown, Georgia, filed this action asserting claims under 42 U.S.C. § 1983. Docs. 1, 20. Plaintiff's Amended Complaint is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** this action and **DENY as moot** all pending Motions, docs. 21, 22, 24, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### BACKGROUND[1]

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 based on events which occurred during his incarceration at Georgia State Prison in Reidsville, Georgia. He initially filed a

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017). Plaintiff initially filed a Complaint on April 2, 2019. Doc. 1. Then on March 12, 2020, after this Court ordered him to do so, doc. 17, Plaintiff filed an Amended Complaint. Doc. 20. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370

Complaint on April 2, 2019, doc. 1, and at this Court's direction, he submitted an Amended Complaint, doc. 20. In his original Complaint, Plaintiff listed the Georgia Department of Corrections as the sole Defendant, despite attributing malfeasance to a variety of individuals. Doc. 17 at 2 n.1. In response, the Court instructed Plaintiff to: "name all Defendants on the front page of the complaint form in the upper left section above the word 'Defendants(s),' and again in section I(B) of the complaint form." Doc. 17 at 4. In his Amended Complaint, Plaintiff names the Georgia Department of Corrections, the Food Service Contractor for Georgia Department of Corrections, and the Medical Contractor for Georgia Department of Corrections as the only Defendants. Doc. 20 at 1, 2–3. He sues them in their individual and official capacities, alleging they "knew about [his] serious medical need . . . [and] failed to properly respond to it." Doc. 20 at 2–4.

Plaintiff brings a claim against Defendants Georgia Department of Corrections and Food Service Contractor based on allegations he was not receiving sufficient food for his low blood sugar due to inmates stealing food and an unreliable delivery truck. Doc. 1 at 13–16; Doc. 20 at 5. He brings a claim against Defendant Medical Contractor alleging a member of the medical staff, despite being aware of his low blood sugar, changed him to a lower calorie meal plan and lowered his glucose tablets out of retaliation, and that the medical department as a whole denied him glucose tablets out of retaliation for filing grievances. Doc. 1 at 17, 23; Doc. 20 at 5–6. He complains about an incident where a water pipe broke in the prison and he was denied access to water for a day, and then later. had blood in his urine and was not allowed to go to the

---

n. 6 (11th Cir. 1982). The Court informed Plaintiff his original pleading would be "abandoned by the amendment" and "no longer a part of the pleader's averments against his adversary." Doc. 17 at 3. Accordingly, this Court, in conducting its review under § 1915A, will only consider the allegations of Plaintiff's Amended Complaint. See Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) ("The district court did not err in considering [pro se prisoner's] Amended Complaint to supersede his Initial Complaint.").

emergency room.  Doc. 1 at 18–21; Doc. 20 at 6.  Plaintiff also alleges Defendants Georgia Department of Corrections and Medical Contractor conspired to deprive him of a medication he needed to treat his neuropathy.  Doc. 1 at 22; Doc. 20 at 6.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Claims Against the Georgia Department of Corrections**

Plaintiff's claims against the Georgia Department of Corrections cannot survive the Court's frivolity screening. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty, Alden v. Maine, 527 U.S. 706, 712–13 (1999), and § 1983 does not abrogate this well-established immunity of a state from suit without its consent, Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). The immunity provisions of the Eleventh Amendment likewise serve as a bar to § 1983 actions against the Georgia Department of Corrections. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [a plaintiff's § 1983] action against the Georgia Department of Corrections . . . ."); see also Will, 491 U.S. at 70 (noting governmental entities that are considered "arms of the State" are immune from § 1983 suits). This bar applies regardless of whether Plaintiff seeks money damages or prospective injunctive relief. Stevens, 864 F.2d at 115. Accordingly, I **RECOMMEND** the Court **DISMISS** the Georgia Department of Corrections from this action.

II. **Claims Against the Food Service Contractor for Georgia Department of Corrections and the Medical Contractor for Georgia Department of Corrections**

The remaining two Defendants are the Food Service Contractor and the Medical Contractor for the Georgia Department of Corrections. In the event these two Defendants are governmental entities, the immunity provisions applicable to the Georgia Department of Corrections would also serve as a bar to a § 1983 claim against these Defendants. See Will, 491 U.S. at 70. If, however, these Defendants are private contractors, then the Court must apply a different analysis.

4

While private contractors who run prisons or units thereof can be subject to suit under § 1983, see Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003), they cannot be held liable on a respondeat superior or vicarious liability basis.  Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).  Rather, the Eleventh Circuit applies the holding of Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), to such private entities, allowing liability under § 1983 only where an action pursuant to an official policy or custom causes a constitutional tort.  See Buckner v. Toro, 116 F.3d 450, 453 (11th Cir. 1997) ("Monell policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates.").  To the extent Plaintiff is bringing claims against private prison contractors, he fails to sufficiently allege an established policy or custom on the part of the contractors that led to the violation of his constitutional rights.

**A.  Claims Based on Stolen Food, Broken Down Delivery Truck, and Broken Water Pipe**

Plaintiff's allegations concerning stolen food and a broken down delivery truck are not indicative of an official policy or custom of Defendant Food Contractor.  Also, any of the events that stemmed from the broken water pipe at the prison do not constitute an official policy or custom.  "Normally random acts or isolated incidents are insufficient to establish a custom or policy."  Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986).  Rather, demonstrating a policy or custom requires "show[ing] a persistent and wide-spread practice."  Id.  "A policy is a decision that is officially adopted," Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997), and "[a] custom is an unwritten practice that is applied consistently enough to have the same effect as a policy," Goebert v. Lee County, 510 F.3d 1312, 1332 (11th Cir. 2007).  Here, the alleged stealing of food, the broken down truck, and the water pipe

5

incident do not amount to customs or policies sufficient to hold the contractors responsible under § 1983, and thus, Plaintiff fails to state a claim against Defendants based on these events.

### B.      Claims Based on Low Blood Sugar Treatment

Plaintiff's allegations concerning the treatment of his low blood sugar also do not implicate an established policy or custom on the part of Defendant Medical Contractor.  Instead, he alleges individual medical providers failed to sufficiently treat his condition, going as far as to complain one doctor acted with "hate" and "vindictiveness" when she declined to give Plaintiff glucose tablets.  Doc. 20 at 5.  Under § 1983, Plaintiff cannot hold Defendant Medical Contractor liable for the acts of its employees.  He must allege a policy or custom by Defendant Medical Contractor that led to a violation of his rights.  See Howell v. Evans, 922 F.2d 712, 724 (11th Cir. 1991).  As he has failed to allege such a policy or custom, his claim against Defendant Medical Contractor based on his low blood sugar treatment must fail.

### C.      Claim Based on Neuropathy Treatment

Plaintiff's allegations concerning his failure to receive Neurontin also fail to state a claim under § 1983.  Plaintiff alleges the prison stopped providing Neurontin to most inmates in 2017 and instead prescribe Cymbalta.  Plaintiff contends he needed Neurontin to treat his neuropathy.  While Plaintiff was offered the option of taking Cymbalta for his neuropathy, he declined to do so because he would need to stop taking certain mental health medications due to potential negative interactions.  Doc. 1 at 22.  Plaintiff does note Dr. Clark prescribed him a "pain/muscle relaxer for [his] back for 90 days hoping that would help."  Doc. 1-1 at 18.

Plaintiff's factual basis for his claim is simply a disagreement with the treatment he received for his neuropathy, which is a "classic example of a matter for medical judgment" and "not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag,

6

61 F.3d 1537, 1545 (11th Cir. 1995). There is no indication the decision to stop prescribing Neurontin was deliberately indifferent. Alternative treatments were offered to Plaintiff. "'[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference." Melton v. Abston, 841 F.3d 1207, 1224 (11th Cir. 2016). The decision to provide other treatments in lieu of Neurontin was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Therefore, Plaintiff has failed to state a claim for deliberate indifference based on his inability to obtain Neurontin.

For the above stated reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Food Service Contractor and Medical Contractor.

### III.   Plaintiff's Claims for Injunctive Relief

While Plaintiff makes a number of requests for injunctive relief in his Amended Complaint, doc. 1 at 24–25, doc. 20 at 6, his transfer out of Georgia State Prison moots these claims. Plaintiff, in his Amended Complaint, outlines specific events occurring at Georgia State Prison, and awarding Plaintiff injunctive relief in relation to these claims would serve no purpose, as Plaintiff is now housed at a different facility. "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984); see also Robbins v. Robertson, 782 F. App'x 794, 800 (11th Cir. 2019) (noting "an injunction directing his former prison officials to provide Plaintiff with a particular diet would provide Plaintiff with no relief"). Further, as noted above, the Georgia Department of Corrections cannot be sued for injunctive

7

relief under § 1983.  Stevens, 864 F.2d at 115.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's claims for injunctive relief.

## IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's Amended Complaint, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action and **DENY as moot** all pending Motions, docs. 21, 22, 24,[2] and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Amended Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1191–92; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

---

[2] The Court notes the statute of limitations may have run on many of Plaintiff's claims, and thus, a dismissal of such claims is arguably "with prejudice." See Stephenson v. Doe, 554 F. App'x 835, 837 (11th Cir. 2014) ("[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." (citing Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993))). If a dismissal of this action is effectively with prejudice, dismissal is nonetheless appropriate, as the recommended dismissal is based on Plaintiff's failure to state a claim and, thus, would constitute a judgment on the merits. See White v. Lemma, 947 F.3d 1373, 1377 (11th Cir. 2020); see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[D]ismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits.").

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA